# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **CHAKETA WILSON,** | **Case No.:** |
| Plaintiff**,** | |
| **v.** | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **NAVIENT SOLUTIONS, LLC,** | |
| Defendant. | |

## COMPLAINT

CHAKETA WILSON ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against NAVIENT SOLUTIONS, LLC, ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.    This Court's jurisdiction arises under 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

- 1 -

3.    Defendant regularly conducts business in the Commonwealth of Pennsylvania, therefore personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.    Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19120.

6.    Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.    Defendant is a corporation with its principal place of business located at 123 Justison St., Wilmington, DE 19801.

8.    Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.    Plaintiff has a cellular telephone number.

11.    Beginning in or around August 2015 and continuing through at least June 2017, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

- 2 -

PLAINTIFF'S COMPLAINT

12.    Defendant called Plaintiff from multiple telephone numbers, including, but not limited to 888-272-5543. The undersigned has confirmed that this number belongs to Defendant.

13.    When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

14.    Plaintiff knew Defendant was using an automatic telephone dialing system and/or automatic and/or pre-recorded messages as she would be regularly greeted with a recorded message prior to one of Defendant's representatives coming on the phone.

15.    Defendant's calls were not made for "emergency purposes."

16.    Although Plaintiff had an account with Defendant, she revoked consent for Defendant to call her cellular telephone shortly after calls started in or before August 2015 and again in September 2015, by telling the Defendant to stop calling her.

17.    Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to making additional calls, nor was there any good faith reason to place calls.

18.    However, Defendant persisted in calling Plaintiff on her cellular telephone through June 2017.

PLAINTIFF'S COMPLAINT

19.     Plaintiff found Defendant's calls to be invasive, harassing, frustrating, aggravating, and upsetting.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

20.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21.     Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and/or pre-recorded voice.

22.     Defendant initiated calls to Plaintiff using a pre-recorded or artificial voice.

23.     Defendant's calls to Plaintiff were not made for emergency purposes.

24.     After Defendant was told to stop calling it knew or should have known that any consent to call it thought it had was revoked.

25.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

- 4 -

1

2

27.   As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

3

4

5

6

WHEREFORE, Plaintiff, CHAKETA WILSON, respectfully prays for judgment as follows:

7

8

   a.   All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(a);

9

10

   b.   Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B);

11

12

   c.   Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

13

14

   d.   Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

15

16

   e.   Any other relief deemed appropriate by this Honorable Court.

17

18

## DEMAND FOR JURY TRIAL

19

20

PLEASE TAKE NOTICE that Plaintiff, CHAKETA WILSON, demands a jury trial in this case.

21

22

23

24

25

PLAINTIFF'S COMPLAINT

Respectfully submitted,

Dated: January 31, 2018

/s/ Amy L. B. Ginsburg
Amy L. B. Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

PLAINTIFF'S COMPLAINT